IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———

**DENISE DUBEY,**

       Plaintiff,

v.                                                                       No. CIV  05-467 BB/KBM

**FURNITURE ROW USA, LLC,**
a foreign corporation,

       Defendant.

## MEMORANDUM OPINION
## AND
## ORDER GRANTING REMAND

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand [#5], and the Court having considered the briefs and other written submissions of the parties and being fully advised, finds the motion is well advised and the case will be remanded.

### *Facts*

Plaintiff originally filed suit pursuant to the New Mexico Human Rights Act in state court. She alleged she was wrongfully terminated without the progressive discipline or just cause she alleged Defendant promised. Plaintiff further maintains once she became pregnant and suffered from depression, she was terminated in spite of this medical disability and because of her gender.

**Defendant removed the case. On April 29, 2005, four days after Defendant removed this case to this Court, Plaintiff filed and served on Defendant an Amended Complaint, seeking relief from this Court. Five days after that, on May 3, 2005, Plaintiff filed her Motion to Remand this case to state court on the basis Defendant had failed to satisfy the requirement for jurisdictional amount.**

## *Issue*

**Defendant maintains it is the amended complaint which controls and by filing the amended complaint, which sets out the predicate for diversity jurisdiction, in federal court, the amended complaint amounts to an implicit acknowledgment of a sufficient jurisdictional amount to support federal jurisdiction.**

## *Discussion*

**Defendant's argument is misguided because: (1) in deciding a motion to remand the court takes the pleadings at the actual time of removal; and (2) whatever the implicit significance of filing an amended complaint, Plaintiff expressly challenged the removal on the basis of insufficient jurisdictional amount.**

**Initially, it is clear damages are to be measured at the time of removal.** *Cavallini v. State Farm Mut. Auto Ins. Co.*, **44 F.3d 256 (5th Cir. 1995). Therefore, subsequent amendments may not be considered.** *Id.; see also* **29A FED. PROC., L. ED. § 69:143. Defendant's argument as to the significance of the subsequent amended complaint is therefore to no avail.**

### A. *Back Pay*

Furthermore, Plaintiff expressly seeks remand on the basis Defendant has failed to support jurisdictional amount. With regard to back pay, Plaintiff has submitted an affidavit stating that her claimed wage loss, at the time the complaint was filed, was $47,176.00. Since the affidavit indicates Plaintiff was losing $692.00 per week, her total claim for wage loss at the time of removal would be slightly less than $50,000.00. In her response, Plaintiff states, "Hopefully, Plaintiff's back pay damages will *never* exceed or even reach $75,000.00, but at this point one would need a crystal ball to know that. At the present time, they do not approach that figure." (Mem. Supp. Pl.'s Mot. Remand p. 2). Since "the present time" was subsequent to the removal, the back pay claim clearly does not satisfy the jurisdictional amount criteria.

### B. *Future Wages*

Defendant seeks to add future wages to the jurisdictional amount calculus. Although there is authority to the contrary, as a general rule courts have refused to consider the possibility of future wages since that figure is potentially almost infinite and speculative because they are so rarely awarded. *Lawson v. Tyco Elecs. Corp.*, 286 F. Supp. 2d 639 (M.D.N.C. 2003); *Pizana v. Int'l Mill Serv., Inc.*, 2003 WL 21960590 (W.D. Tex. 2003); *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002).

### C. *Emotional Damages, Punitive Damages, Etc.*

While Plaintiff has requested pro forma damages for emotional distress, punitive damages and attorney's fees, there are no facts pled which would support any such claims. Such general factual statements in a complaint do not supply a jurisdictional basis for removal. *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999); *Chapman v. Powermatic, Inc.*, 969 A.2d 160 (5th Cir. 1992); *Sena v. Correctional Medical Servs., Inc.*, No. 00CV1809 JP (D.N.M. filed Oct. 22, 2001).

There is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). Consequently, "removal statutes are construed narrowly" and uncertainties in removal jurisdiction are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Since Defendant is invoking diversity jurisdiction, Defendant has the burden of establishing the requirements for diversity jurisdiction. *Id.* The amount in controversy "must be affirmatively established on the face of either the [complaint] or the removal notice" and supported by the underlying facts. *Laughlin*, 50 F.3d at 873. When "the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Martin*, 251 F.3d at 1290. Defendant has failed to meet this burden.

**O R D E R**

**For the above stated reasons, Plaintiff's motion to remand is GRANTED, and the case is remanded to the Second Judicial District Court for the State of New Mexico.**

**SO ORDERED this 16th day of August, 2005.**

                                                **BRUCE D. BLACK**
                                                **United States District Judge**

**For Plaintiff:**
    **Hannah B. Best, Albuquerque, NM**

**For Defendant:**
    **George R. McFall, Anna E. Tuttle, MODRALL SPERLING ROEHL HARRIS & SISK, Albuquerque, NM**